# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:16-cv-00847-GMN-DJA |
| vs. | ) | |
| | ) | **ORDER** |
| SFR INVESTMENTS POOL 1, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendant/Cross-Claimant SFR Investments Pool 1, LLC's ("SFR") Motion for Default Judgment as to John Edward Bostaph, Jr. ("Debtor"), (ECF No. 67). For the reasons discussed below, SFR's Motion is **GRANTED**.

## I.    BACKGROUND

This case arises out of the non-judicial foreclosure sale of real property located at 10949 Sospel Place, Las Vegas, Nevada 89141, Parcel No. 176-36-311-035 (the "Property"). (*See* DOT, Ex. A to Pl.'s Mot. Summ. J. ("MSJ"), ECF No. 85-1). Debtor purchased the Property by way of a loan for $302,400.00, secured by a deed of trust ("DOT"). (*Id.*). Plaintiff became the beneficiary of the DOT through an assignment from Royal Crown Bancorp recorded on February 16, 2012. (*See* Assignment, Ex. C to Pl.'s MSJ, ECF No. 85-3).

Upon Debtor's failure to pay all amounts due, Montagne Marron Community Association ("HOA"), through its agent Alessi & Koenig, LLC ("A&K"), initiated foreclosure proceedings on the Property. Pursuant to NRS Chapter 116, A&K recorded a notice of delinquent assessment lien, followed by a notice of default and election to sell, and a notice of sale. (Notice of Delinquent Assessment Lien, Ex. 1B to Mot. Default J., ECF No. 67-3); (Notice of Default and Election to Sell, Ex. 1C to Mot. Default J., ECF No. 67-4); (Notices of Sale, Exs. 1D–E, ECF Nos. 67-5–6) SFR now moves for default judgment against Debtor,

seeking a declaration that its interest in the Property is senior to that of Debtor. (Mot. Default J. 5:25–6:4).

## II.    LEGAL STANDARD

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, the moving party must seek entry of default from the clerk of court. Fed. R. Civ. P. 55(a).  Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Fed R. Civ. P. 55(b).  Upon entry of clerk's default, the court takes the factual allegations in the complaint as true. *ME2 Prods., Inc. v. Sanchez*, No. 2:17-cv-667-JCM-NJK, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *2 (D. Nev. Apr. 12, 2018).  Nonetheless, while the clerk's entry of default is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted).  Instead, whether to grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the movant; (2) the merits of the movant's substantive claims; (3) the sufficiency of the movant's complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## III.    DISCUSSION

SFR moves for default judgment against Debtor, requesting declaratory relief with respect to its crossclaims.  SFR has initiated the two-step process required under Rule 55 by moving for clerk's entry of default against Debtor, (*see* ECF No. 63), which the Clerk

subsequently entered, (*See* ECF No. 64).  In accordance with Rule 55(b), SFR brings the present Motion.

Upon reviewing the documents and pleadings on file in this matter, the Court finds that the *Eitel* factors support entry of default judgment in favor of SFR and against Debtor.  The first *Eitel* factor weighs in favor of default judgment.  A defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits," and therefore satisfies the first factor. *See, e.g.*, *Nationstar Mortg. LLC v. Operture, Inc.*, No. 2:17-cv-03056-GMN-PAL, 2019 U.S. Dist. LEXIS 33632, 2019 WL 1027990, at *2 (D. Nev. Mar. 4, 2019); *ME2 Prods.*, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *1; *see also PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

Regarding the second and third *Eitel* factors, the Court finds SFR's crossclaim for quiet title, which requests declaratory relief, is sufficiently pleaded and meritorious as to Debtor.  "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 129 Nev. 314, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992)).

SFR alleges that to the extent Debtor purports to claim an interest in the Property, SFR's purchase of the same extinguished those interests by operation of NRS Chapter 116. (*See* SFR's Answer 14:5–23, ECF No. 18).  SFR's claim for declaratory relief is sufficiently meritorious because SFR has introduced evidence that it purchased the Property by quitclaim deed from HOA, the foreclosure sale buyer, after HOA validly foreclosed on the superpriority portion of its lien. (Chris Hardin Aff. ¶¶ 6–10, Ex. 1 to Mot. Default J., ECF No. 67-1); (NRS Chapter 116 Notices, Exs. 1-B–E to Mot. Default J., ECF Nos. 67-3–6); (Foreclosure Deed, Ex. 1-F to Mot.

1   Default J., ECF No. 67-7); (Quitclaim Deed and Correction, Exs. 1G–H, ECF Nos. 67-8–9).

2   Accordingly, SFR has shown that it would likely be meritorious against any claim to title of the

3   Property that Debtor may raise.

4       The fourth factor weighs in favor of default judgment because SFR seeks only

5   declaratory relief and no monetary damages against Debtor. (SFR's Answer 14:5–23); (*See also*

6   Mot. Default J. 6:5–18).  The fifth *Eitel* factor, which concerns the possibility of a dispute

7   regarding material facts, favors SFR.  Courts have recognized that, "[o]nce the clerk enters a

8   default, the well-pleaded factual allegations of the [moving party's] complaint are taken as true,

9   except for those allegations relating to damages." *ME2 Prods.*, 2018 U.S. Dist. LEXIS 61961,

10  2018 WL 1763514, at *2 (quoting *O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF,

11  2010 U.S. Dist. LEXIS 101941, 2010 WL 3636171, at *4 (D. Nev. Sept. 9, 2010)).  Taking

12  SFR's Cross-Complaint's allegations as true, Debtor possessed an interest in the Property,

13  which was subsequently extinguished by HOA's purchase at the foreclosure sale. (SFR's

14  Answer 14:12–14).

15      With respect to the sixth *Eitel* factor, the Court finds that Debtor's failure to appear was

16  not the result of excusable neglect.  Debtor was served on July 15, 2016, and his answer was

17  due on August 5, 2016. (*See* Summons Returned Executed, ECF No. 25).  The Clerk of Court

18  entered default against Debtor on January 13, 2020, (ECF No. 64).  SFR filed its present

19  Motion, (ECF No. 67), on February 5, 2020.  Debtor's failure to appear or otherwise file

20  anything with respect to this action during the time period counsels against finding excusable

21  neglect. *ME2 Prods.*, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *3; *O'Brien*, 2010

22  U.S. Dist. LEXIS 101941, 2010 WL 3636171, at *6.

23      The seventh and final *Eitel* factor concerns public policy considerations.  While public

24  policy generally favors disposition on the merits, the Court concludes that default judgment is

25  appropriate in light of the other *Eitel* factors.

## IV.    **<u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that SFR's Motion for Default Judgment against John Edward Bostaph, Jr., (ECF No. 67), is **GRANTED**.

**DATED** this <u>30</u> day of September, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court